UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHELSEA JEWEL JACKSON,

     Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et. al.*,

     Defendant.

_____/

Case No: 25-14190
Hon. F. Kay Behm
U.S. District Judge

## ORDER STRIKING PLAINTIFF'S COMPLAINT AND SETTING DEADLINE FOR AMENDED PLEADING

Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, using only the minor in question's initials when filing their pleadings.  Plaintiff, who is proceeding *pro se*, filed this action on December 30, 2025, listing the name of a minor child in her complaint.[1]

The court lacks the ability to redact only portions of Plaintiff's complaint or to strike only portions of it.  The court therefore **STRIKES**

---

[1] The minor's name is properly redacted and initialed in most instances; in several instances, however, it is not.  Although Plaintiff apparently made a good faith effort to redact all instances of the minor's name, the redaction is not complete and the court must strike the entire complaint.

the entire pleading (ECF No. 1) for failure to comply with Rule 5.2(a)(3),

and Plaintiff shall have until **January 22, 2026**, to file an amended

complaint which complies with Rule 5.2(a)(3) (for example, by using

only initials and/or redacting uses of the minors' names).  Failure to

submit an amended pleading complying with Rule 5.2(a)(3) by that date

will result in dismissal of this case without prejudice for failure to

prosecute.  *See Johnson v. Fennville*, No. 1:21-cv-202, 2021 U.S. Dist.

LEXIS 232181, 2021 WL 5579204, at *1-2 (W.D. Mich. May 4, 2021)

(placing complaint under seal and ordering plaintiffs to file a redacted

complaint complying with Rule 5.2(a)(3)).  Any subsequent pleadings

filed by Plaintiff which fail to comply with this notice will be stricken by

the court without further order of the court.

Because the current pleading is stricken and there is thus no

operative pleading, the motion for a temporary restraining order (ECF

No. 4) that relies on that pleading is **DENIED** without prejudice.

Plaintiff may refile the motion for a temporary restraining order after

filing an amended complaint.

A few other notes may help with this case's progress.  First, an *ex

parte* temporary restraining order is "only appropriate where the

2

applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F. Supp.2d 782, 791 (E.D. Mich. 2012). Plaintiff may consider waiting to press their motion for a TRO until Defendant is properly served with the summons and complaint, unless they make the required showing that *ex parte* relief is appropriate under Federal Rule of Civil Procedure 65(b). Second, Plaintiff should take caution in submitting her amended complaint because her first complaint brings claims on behalf of her minor son. However, "[p]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is [their] own and does not belong to [their] parent or representative." *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds* by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see Azazhusen Khatri Est. v. Dearborn Pub. Sch.*, No. 23-cv-12930, 2025 LX 360080, 2025 WL 2408791, at *8 (E.D. Mich. Aug. 20, 2025) (recently stating the same). If Plaintiff nonetheless attempts to bring claims on behalf of her minor child despite this warning, those claims may be dismissed. As a result, she

must carefully differentiate between claims brought on behalf of the

minor and those which belong to her.  The failure to make that

distinction clear does not comply with Rule 8's command that the

complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief," and may result in dismissal of any

claim not clearly brought on her own behalf for failure to comply with

Rule 8 and with the warning contained in this order.

Lacking an operative complaint, the court does not yet rule on the

pending application to proceed without prepaying fees and costs (ECF

No. 2).

**SO ORDERED**.

Date: January 5, 2026                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge

4