UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHELSEA JEWEL JACKSON,
as next friend of minor B.D.,

Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et. al.*,

Defendant.

_____/

Case No: 25-14190
Hon. F. Kay Behm
U.S. District Judge

**ORDER STRIKING AMENDED COMPLAINT (ECF No. 7) AND
DENYING MOTIONS TO PROCEED PRO SE ON MINOR'S
BEHALF (ECF No. 8) AND FOR TEMPORARY RESTRAINING
ORDER (ECF No. 9)**

## I.      Order Striking Complaint for Failure to Comply

The amended complaint (ECF No. 7) does not comply with Federal

Rule of Civil Procedure 5.2(a)(3) because it again lists a minor child's

name in unredacted form.  ECF No. 7, PageID.23.  Per the court's order

at ECF No. 6, PageID.16, warning Plaintiff what would happen if she

filed an amended pleading that again failed to comply with that Rule,

this amended pleading (ECF No. 7) is **STRICKEN**.  Plaintiff shall have

one final opportunity to file her complaint with complete redactions as

to any minor child's name within 21 days of entry of this order; if Plaintiff again files a pleading that does not comply with Rule 5.2(a)(3), this case will be dismissed in its entirety for failure to comply under Federal Rule of Civil Procedure 41(b).  If Plaintiff does not file a new complaint in that time, this case may be dismissed for failure to prosecute.

## II.   Order Giving 21 Days to Find Representation for B.D.'s Claims (ECF No. 8)

Jackson again attempts to bring claims on behalf of her minor child B.D.  ECF Nos. 7, 8.  But as she was previously warned (ECF No. 6), "[p]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is [their] own and does not belong to [their] parent or representative."  *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds* by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see Azazhusen Khatri Est. v. Dearborn Pub. Sch.*, No. 23-cv-12930, 2025 LX 360080, 2025 WL 2408791, at *8 (E.D. Mich. Aug. 20, 2025) (recently stating the same).  Plaintiff's motion to proceed as "next friend" (ECF No. 8, PageID.31) is properly construed as an

attempt to proceed *pro se* on her minor child's behalf and improperly

assert claims on behalf of her child.  Her motion so construed is without

merit for the reasons stated above, and is **DENIED**.  She may proceed

as next friend to B.D. if a lawyer appears on her behalf; she may not

assert B.D.'s claims absent a lawyer.  If Plaintiff files a second amended

complaint again attempting to bring claims on B.D.'s behalf but no

lawyer appears, any claim brought on B.D.'s behalf without a lawyer

will be dismissed without prejudice and without a third warning.

Because Plaintiff has 21 days to file a second amended complaint, she

also has 21 days to find a lawyer to represent B.D.'s claims, if any are

asserted.  If Plaintiff again attempts to bring claims both on her own

behalf and on behalf of B.D., she must <u>clearly</u> label which Counts are

brought on her own behalf and which are brought on B.D.'s behalf; it is

not Defendant's nor the court's role to guess at the nature of the claims

asserted.  Failure to specify between a claim brought on B.D.'s behalf

and a claim brought on behalf of herself may result in dismissal of the

claim for failure to comply with the court's orders.  *See* Fed. R. Civ. P. 8;

Fed. R. Civ. P. 10(b); ECF No. 6 (giving the same warning).

### III.   Order Denying Motion for Temporary Restraining Order (ECF No. 9)

Plaintiff's motion for a temporary restraining order (ECF No. 9) is **DENIED** because no Defendant has been served or appeared and she has not satisfied the requirements to show that *ex parte* relief is appropriate.  Under Federal Rule of Civil Procedure 65(b), the "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if:*

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added).  These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  An *ex parte* temporary restraining order is "only appropriate where the applicant

would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650. It also described "another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *Id.*

Plaintiff has not satisfied the requirements of Rule 65(b)(1), which requires a party to clearly show irreparable and immediate injury and certify why notice should not be required. She does not claim or provide any evidence that would tend to show that the Defendant is "unable to be found" or that notice would render the action "fruitless."

The court will not consider a third motion for an *ex parte* temporary restraining order. *See* ECF No. 4 (prior *ex parte* motion); ECF No. 6 (warning Plaintiff that *ex parte* relief would not be available

unless she met her burden under Rule 65(b)); ECF No. 9 (second motion

for *ex parte* restraining order).

      **SO ORDERED**.

Date: January 26, 2026             <u>s/F. Kay Behm</u>
                                            F. Kay Behm
                                            United States District Judge